1. TRUSTS (§ 217*)—CONSTRUCTION—TESTAMENTARY TRUST.
    Where executors transferred, under authority of the will, stock in the S. corporation to the testamentary trustee, whom the will authorized to hold same as an investment in the form it might be in at testator's death, and where, pursuant to a judgment against the corporation, the trustee received, in addition to such stock, stock in other corporations which, prior to such judgment, were subsidiary to the S. corporation, the trustee could not hold the latter stock as a proper investment of the trust estate, even though the will directed that he freely counsel with testator's wife, and she desired that such additional stock be held by the trustee.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–304, 306–309; Dec. Dig. § 217.*]

2. TRUSTS (§ 217*)—CONSTRUCTION—TESTAMENTARY TRUST.
    Provisions of a will permitting a testamentary trustee to hold or acquire securities other than those authorized by law will be strictly construed, and a departure from the normal course of the trust will be made only on a clear and controlling direction in the will.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–304, 306–309; Dec. Dig. § 217.*]

3. TRUSTS (§ 217*)—TESTAMENTARY TRUST—DEVIATION FROM SCHEME OF INVESTMENT.
    A deviation from the original scheme of investment provided for in a will creating a testamentary trust is not a continuance of the property in the form of investment as originally held, where such deviation confides the interest and safety of the trust fund to new personalities.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–304, 306–309; Dec. Dig. § 217.*]

Proceedings on judicial settlement of account of the Franklin Trust Company, as executor, Mary Bates Spalding (formerly Mary Field Bates) and another, as executrices, and the Franklin Trust Company, as trustee, under the last will and testament of James Hale Bates, deceased.   Decreed according to opinion.

McKeen, Brewster & Morgan, of New York City (John Hill Morgan, of New York City, of counsel), for accountants.

Theodore L. Frothingham, of New York City, for Hospital Training School for Nurses and Hamilton Club of Brooklyn, legatees.

Murphy & Marine, of Rochester, for Charles Colfax, legatee.

Robert F. Greacen, of New York City, for Brooklyn Home for Aged Men.

KETCHAM, S.   Since the submission of this case, rules as to the disposition of extraordinary dividends between life tenants and remaindermen have been declared in Matter of Osborne, 209 N. Y. 450, 103 N. E. 723, 823.   The questions of fact to which these rules must be applied would involve labor and expense, and it is suggested that in the pending case of United States Trust Co. v. Heye, —— N. Y. Supp. ——,† all these questions will necessarily be resolved.   It will therefore avoid waste if the disposition of the extraordinary dividends

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Still pending in Supreme Court of New York County, July 1, 1914.

in this estate be reserved until after the determination of the case last referred to, and this direction may be made in the decree.

[1] The trustee came into possession of stock of the Standard Oil Company, which it still holds. Pursuant to the judgment in the familiar case against the company, this trustee has received, in addition to the stock originally held, other stock in 33 corporations which, prior to the judgment, were subsidiary instrumentalities of the dominant company.

Whether or not the trustee may lawfully hold as a part of the trust estate the stock above described must be determined.

The will provides in part as follows:

"Thirteenth. I empower my executors to transfer to the trustee for the trust created by the tenth paragraph of this will the stock, bonds and evidences of investment of whatever description unchanged from the condition in which they may be at the time of my decease, or such of them as may not have been required to be sold or disposed of for payment and satisfaction of the precedent debts, expenses, legacies and bequests. And I expressly authorize the trustee to continue to hold the property so received in the form of investment it may be in at the time of my decease, including stocks as well as bonds, with discretionary power to sell and reinvest the proceeds in cases where it is thought best to do so to save the estate from loss. But it is my desire and instruction that in making any new investments and reinvestments, the rules shall be followed which govern the investment of trust funds under the law of New York, except that the trustee need not be limited to securities actually within said state."

[2] Where the will permits the holding or acquisition of securities other than those authorized by law, provisions resorted to for such permission or direction are to be strictly construed. A departure from the normal course of the trust is only to be had upon clear and controlling direction in the will.

There need be no laborious statement of the conditions under which the supplementary stock above described has been transferred to the trustee. The dominant company has denuded itself of the beneficial ownership of the assets of the subordinate corporations, and the accounting trustee now has no relation to the assets which once formed a part of the capital of the Standard Oil Company, except such as it holds as a stockholder in the subordinate companies to which these assets have been restored. The trustee was once a shareholder in a company which itself held certain stock in many other companies. The trustee now retains the same share, but the wealth which in part gave such share its value no longer belongs to the corporation in the stock of which the decedent's investment was made.

The manner in which the investment now held by the trustee is related to the assets which in some degree constituted the basis of the testator's investment is changed. Whether this is a change of form or substance, the assurances which the trustee holds for the safety of the trust fund are not the same as those upon which the testator depended. Whether the new arrangement of the investment is as safe as the earlier condition has no significance. It is only pertinent to inquire whether the substitution or modification of the investment is one which was before the mind of the testator when he provided that the

trustee "might continue to hold the property [the Standard Oil stock] in the form of investment it may be in at the time of my decease."

[3] A deviation from the original scheme of investment which confides the interests of the trust. to new personalities and wagers the safety of the trust fund upon vicissitudes not involved in the form in which the investment was earlier held cannot be regarded as a continuance of the property in the form of investment in which it was in the beginning.

The only cases which the diligence of counsel has discovered are the following: Smith v. Lewis, [1902] 2 Ch. 667, and Lovelace v. Anson, [1907] Id. 424. It cannot be said that the earlier case controls the present discussion, although its findings are contrary to the result here reached, and, indeed, the latter case, although it affords support, cannot be regarded as a binding authority for the present result.

True, as suggested by counsel, the testator's wife desires that the stock described, supra, shall be held by the trustee, and the will directs that the trustee shall freely counsel and advise with her. But neither her counsel nor consent can help the trust company or the court in construing the will, nor can it avail to justify conduct which the will forbids.

The decree should contain provisions in accordance with this opinion.

Decreed accordingly.